PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

| THOMAS OLIVAS | ALLRED UNIT |
|---|---|
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |
| | |
| vs. | 01957504 |
| | PRISONER ID NUMBER |
| | |
| BRIAN COLLIER, Director, TDCJ | 02-14-00412-CR |
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | (Supplied by the District Court Clerk) |

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the Petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?** (Check all that apply)

| ✓ | A judgment of conviction or sentence, probation or deferred-adjudication probation. | (Answer Questions 1-4, 5-12 & 20-25) |
| | A parole revocation proceeding. | (Answer Questions 1-4, 13-14 & 20-25) |
| | A disciplinary proceeding. | (Answer Questions 1-4, 15-19 & 20-25) |
| | Other:_____ | (Answer Questions 1-4, 10-11 & 20-25) |

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: <u>372nd District Court, Tarrant County, Texas.</u>

2. Date of judgment of conviction: <u>October 2, 2014.</u>

3. Length of sentence: <u>Life without Parole.</u>

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: <u>1376698R.</u>

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)   ✓ Not Guilty   Guilty   Nolo Contendere

6. Kind of trial: (Check one)   ✓ Jury   Judge Only

7. Did you testify at trial?   Yes   ✓ No

8. Did you appeal the judgment of conviction?   ✓ Yes   No

9. If you did appeal, in what appellate court did you file your direct appeal? 2nd Court of Appeals - Fort Worth.   Cause Number (if known): 02-14-00412-CR.

   What was the result of your direct appeal (affirmed, modified or reversed)? Affirmed.

   What was the date of that decision? December 6, 2016.

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: 1. Sufficiency of the evidence; 2. Erroneous admission of CSLI; 3. Erroneous admission of extraneous evidence.

   Result: Reversed and remanded. Affirmed on remand. Subsequent petition denied.

   Date of result: September 16, 2020.   Cause Number (if known): PD-0336-20.

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: _____

   Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ✓ Yes   No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: 372nd District Court, Tarrant County, Texas.

    Nature of proceeding: 11.07 Application for Post-Conviction Writ of Habeas Corpus.

    Cause number (if known): C-372-W012018-1376698-A.

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: September 15, 2021.

Grounds raised: 1) Actual innocence based on newly discovered evidence; 2) Due Process violation based on fault trial testimony.

Date of final decision: May 4, 2022.

What was the decision? Denied without written order.

Name of court that issued the final decision: Texas Court of Criminal Appeals.

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   Yes   ✓ No

   (a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   (b) Give the date and length of the sentence to be served in the future: _____

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   Yes   No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   Yes   No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?   Yes   No

16. Are you eligible for release on mandatory supervision?   Yes   No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?   Yes   No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?   Yes   No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1  Result: _____

           Date of Result: _____

Step 2 Result: _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** Olivas is actually innocent of capital murder.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Newly discovered DNA evidence proves Olivas is actually innocent of capital murder. Olivas was convicted of murdering Mechelle Gandy and her son based solely on circumstantial evidence. Law enforcement claimed the suspect used gasoline as the accelerant that started the fire in Gandy's apartment, but none of Olivas's belongings tested positive for gas. Also, none of Olivas's DNA was discovered at the crime scene, but a third-party's DNA was found.

B. **GROUND TWO:** Olivas was denied Due Process by faulty evidence submitted by the Ex-Deputy Medical Examiner and replied upon by the Ex-Chief Medical Examiner at trial.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Dr. Shiping Bao was the deputy Tarrant County Medical Examiner who performed the autopsy of Gandy and her son. However, before Olivas's trial, Dr. Bao left the Tarrant County Medical Medical Examiner's Office for undisclosed reasons. Rather than calling Dr. Bao to testify about his opinion regarding Gandy's cause of death, the State called Ex-Chief Medical Examiner Nizam Peerwani. Both examiners have a history of providing false testimony.

C. **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D. **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21. Relief sought in this petition: _____

_____

_____

_____

_____

_____

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?    Yes    ✓    No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?    Yes    No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
     Yes    ✓ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?    Yes    ✓ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a)   At preliminary hearing: _____

    (b)   At arraignment and plea: _____

    (c)   At trial: _____

    (d)   At sentencing: _____

    (e)   On appeal: _____

    (f)   In any post-conviction proceeding: _____

    (g)    On appeal from any ruling against you in a post-conviction proceeding: _____

_____

**Timeliness of Petition:**

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, Petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)
John Gilmore
State Bar No. 24096676

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. ~~and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on~~ _____ (month, day, year).

Executed (signed) on __May 4, 2022__ (date).

• Before me, the undersigned authority, this day Personally appeared John Gilmore and by Oath stated the facts herein are true + correct to the best of his Knowledge.

_____
Signature of ~~Petitioner (required)~~ Notary Public

Petitioner's current address: _____



KEVIN KOENIG
Notary Public, State of Texas
Comm. Expires 02-25-2024
Notary ID 132374205

-10-