IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| THOMAS S. OLIVAS, | § |
| | § |
| Petitioner, | § |
| | § |
| v. | §   Civil Action No. 4:22-cv-385-O |
| | § |
| BOBBY LUMPKIN, | § |
| DIRECTOR, TDCD-CID, | § |
| | § |
| Respondent. | § |

**OPINION AND ORDER**

Came on for consideration the petition of Thomas S. Olivas under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. The Court, having considered the petition, the answer, the reply, the record, and applicable authorities, concludes that the petition must be **DENIED**.

**I.   BACKGROUND**

Petitioner is serving a sentence of life without parole following his conviction under Case No. 1376698R in the 372nd Judicial District Court of Tarrant County, Texas, for capital murder-multiple. ECF No. 16-46 (SHCR-01) at 8–10. His conviction was affirmed on appeal. *Olivas v. State*, 507 S.W.3d 446 (Tex. App.—Fort Worth 2016, pet. granted, judgm't vacated w.r.m.). The Court of Criminal Appeals of Texas granted his petition for discretionary review and remanded the case for reconsideration in light of *Carpenter v. United States*, 138 S. Ct. 2206 (2018). *Olivas v. State*, No. PD-0561-17, 2018 WL 4344310 (Tex. Crim. App. Sept. 12, 2018). Upon reconsideration, the appellate court again affirmed the judgment, holding that, beyond a reasonable doubt, the admission of cell-site location information obtained without warrant did not contribute to Petitioner's conviction. *Olivas v. State*, No. 02-14-00412-CR, 2020 WL 827144 (Tex. App.—

Fort Worth Feb. 20, 2020, pet. ref'd). His petition for discretionary review was refused. *Id.*; *Olivas v. State*, PD-0336-20 (Tex. Crim. App. Sept. 16, 2020).

Petitioner filed a state application for writ of habeas corpus, which was denied without written order on findings of the trial court without hearing and on the Court of Criminal Appeals' independent review of the record. *Olivas v. State*, No. WR-93,624-01 (Tex. Crim. App. May 4, 2022).

## II.  GROUNDS OF THE PETITION

Petitioner asserts two grounds in support of his petition. First, he says that he is actually innocent of capital murder. Second, he says that he was denied Due Process by faulty evidence submitted by the ex-deputy medical examiner relied upon by the ex-chief medical examiner at trial. ECF No. 1 at 6.

## III.  APPLICABLE LEGAL STANDARDS

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill*

*v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**IV.   ANALYSIS**

The Second Court of Appeals gave a brief overview of the evidence:

On March 20, 2011, at approximately 10 p.m., authorities responded to a fire at an apartment complex in Arlington where the bodies of the decedents (mother and baby) were discovered. The mother died of multiple (eleven) stab wounds. The baby suffered a violent death, the testimony showing that gasoline had been poured on or around him as he lay in a crib. The fire started in the baby's room. When the flames became visible outside, a neighbor saw a lone individual wearing a hoodie

3

> leave through a breezeway which afforded easy access to and from the decedent's apartment. Gasoline also appeared on various portions of the mother's clothing, the baby's clothing, and areas throughout the apartment.
>
> [Petitioner] and the mother were not strangers; they had a personal history, albeit an abhorrent one. The evidence showed [Petitioner] had a prior dating relationship with the mother, that he was the father of the baby, and that he loathed both. Previously, the mother instituted legal proceedings against [Petitioner] regarding paternity and child support through the Attorney General's office. After receiving legal documents from the Attorney General's office which she did not understand, she wanted to discuss them with [Petitioner]. Although upset with mother over this legal matter and another relating to a breakup with his current girlfriend, [Petitioner] agreed.
>
> On March 20, [Petitioner] admittedly intended to meet with the mother and was present in the area of her apartment from late afternoon to about 10:00 p.m. Cell tower records reflecting cell communications between mother and [Petitioner], as well as [Petitioner's] later statements, showed that he drove to Arlington in the area of her apartment. [Petitioner's] statements and his text to mother indicated he did not know exactly where she lived. About 7:00 p.m., mother texted [Petitioner] that she would give him directions as soon as she got to her apartment. A few minutes later, the mother did call [Petitioner], ostensibly to give [Petitioner] the promised directions to her apartment. It is patently unreasonable to entertain any other explanation for her call.
>
> Statements by [Petitioner] and testimony of several witnesses confirmed that the vehicle [Petitioner] borrowed and drove on the night of the murders and days afterwards smelled of gasoline. In addition, on the night of the murders, [Petitioner] alerted the vehicle's owner that he had spilled gasoline in her vehicle.

507 S.W.3d at 449.

Petitioner alleges in his first ground that he is actually innocent of capital murder. ECF No. 1 at 6. He says that newly discovered DNA evidence proves it, but the only "new" evidence he cites is that none of his belongings tested positive for gas and that none of his DNA was discovered at the crime scene, but a third party's DNA was found. *Id.* In the first place, as Respondent notes, the evidence is not new. ECF No. 15 at 6–7. More importantly, even if it was, claims of actual innocence "have never been held to state a ground for federal habeas relief absent an independent

4

constitutional violation." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). No such independent constitutional violation is alleged here. In any event, Petitioner has not made a "truly persuasive demonstration of 'actual innocence'" and shown that no state remedy was available to him. *Graves v. Cockrell*, 351 F.3d 143, 151 (5th Cir. 2003) (citing *Herrera*, 506 U.S. at 417). *Compare In re Davis*, 557 U.S. 952 (2009) (remanded for hearing where seven of the state's key witnesses recanted and several implicated the state's key witness as the shooter).

In his second ground, Petitioner alleges that he was denied Due Process by faulty evidence regarding the autopsy. He alleges that the deputy who conducted the autopsy left the medical examiner's office for undisclosed reasons and that, rather than calling him to testify at trial, the State called the chief medical examiner. He further alleges that both "have a history of providing false testimony." ECF No. 1 at 6.

The Due Process Clause of the Fourteenth Amendment "forbids the State from knowingly using perjured testimony." *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000) (citing *Giglio v. United States*, 405 U.S. 150, 153 (1972)). To be granted relief on this ground, Petitioner must show that (1) the evidence was false, (2) the evidence was material, and (3) the prosecution knew that the evidence was false. *Id.*; *Nobles v. Johnson*, 127 F.3d 409, 415 (5th Cir. 1997). Here, Petitioner offers nothing more than his bald assertion that both the ex-chief and ex-deputy chief medical examiners "have a history of providing false testimony." ECF No. 1 at 6. Such an allegation is insufficient to entitle Petitioner to habeas relief. *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996); *United States v. Wood*, 870 F.2d 285, 288 n.3 (5th Cir. 1989). The State habeas court held that Petitioner failed to prove that either medical examiner provided faulty evidence. ECF No. 16-46 (SCHR) at 81–87 (findings and conclusions), 91 (order adopting findings and conclusions);

ECF No. 16-48 (SCHR) at 1166 (order adopting actions of magistrate). Petitioner has not shown, much less made any attempt to show, that the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d).

## V.   CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in Petitioner's application under § 2254.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 29th day of November, 2022.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**